**GULF FISHERMEN'S ASSOCIATION,**
**Plaintiff,**

**v.**

**Carlos M. GUTIERREZ, in his official capacity as Secretary of the United States Department of Commerce; the National Oceanic and Atmospheric Administration; and the National Marine Fisheries Service, Defendants.**

**No. 8:06 CV 2313 T 26TBM.**

United States District Court,
M.D. Florida,
Tampa Division.

April 24, 2007.

Mark Arthur Brown, Senior Trial Attorney, U.S. Department of Justice and B. Michael McLemore, Regional Counsel, National Oceanic and Atmospheric Administration, Tampa, FL, for United States.

## ORDER

LAZZARA, District Judge.

This cause comes before the Court on Plaintiff's motion for summary judgment and supporting memorandum of law and statement of undisputed facts (dkts. 27 & 28), Defendants' response in opposition thereto and cross-motion for summary judgment with exhibit, (dkts. 29 & 30) and Plaintiff's response in opposition to Defendants' cross-motion for summary judgment (dkt.31).

Plaintiff, a commercial fishing advocacy group and Florida non-profit corporation, filed the instant four-count complaint for declaratory and injunctive relief against Defendants on December 15, 2006. Plaintiff challenges the final rule requiring owners or operators of a vessel with a commercial vessel permit for Gulf reef fish, including charter/headboats with commercial reef fish vessel permits even when under charter, to be equipped with an operating Vessel Monitoring System ("VMS") approved by Defendant, The National Marine Fisheries Service ("the NMFS"), for the Gulf of Mexico reef fish fishery. *See* 71 Fed.Reg. 45,428 (Amend-

ment 18A to the Fishery Management Plan for the Reef Fish Resources of the Gulf of Mexico); 50 C.F.R. § 622.9(a)(2). In particular, Plaintiff challenges the issuance of such a rule without complying with the mandatory requirements under the Regulatory Flexibility Act, 5 U.S.C. § 604(a). Plaintiff also challenges the substantive decisions made by Defendants leading up to the approval of the final rule as inconsistent with the requirements of 16 U.S.C. § 1851(a)(8) that "[c]onservation and management measures shall ... take into account the importance of the fishery resources to the fishing communities in order to: (A) provide for the sustained participation of such communities, and (B) to the extent practicable, minimize adverse economic impacts on such communities." Finally, Plaintiff challenges the rule as a violation of the right to privacy under the Fourth Amendment to the United States Constitution. Plaintiff seeks declaratory relief, attorney's fees, and costs.

█ In their cross-motion for summary judgment, Federal Defendants seek to have the Court revisit the issue raised in their earlier motion to dismiss (dkt.11), that the Court lacks jurisdiction to consider Plaintiff's claims because they are time-barred under the 30–day limitation period established by the judicial review provisions of the Magnuson–Stevens Fishery Conservation and Management Act ("the Act"), 16 U.S.C. § 1855(f)(1). The Court previously denied Defendants' motion to dismiss. (Dkt.13.) Having had an opportunity to carefully consider the arguments raised in Plaintiff's motion for summary judgment (dkt.28), the Court now finds that the matter of jurisdiction should indeed be revisited.

The final rule at issue in this case was published in the Federal Register on August 9, 2006. *See* 71 Fed.Reg. 45428. Pursuant to that publication, the VMS requirement within Amendment 18A was to

become effective on December 7, 2006. On September 15, 2006, the NMFS published a notice listing VMS approved by the NMFS for use in the Gulf reef fishery. *See* 71 Fed.Reg. 54472. On October 31, 2006, the NMFS published the availability of grant funds to reimburse owners and operators of vessels subject to the VMS requirements for the equivalent cost of purchasing the least expensive VMS approved by the NMFS for the Gulf reef fishery. *See* 71 Fed.Reg. 63753. Then, on December 6, 2006, the NMFS delayed the effective date of the final rule until March 7, 2007, so as to allow the affected fishers more time to make an informed cost/benefit analysis regarding purchasing a VMS and remaining in the fishery and to purchase, install, and activate a VMS. *See* 71 Fed.Reg. 70680.

█ Plaintiff filed this action on December 15, 2006, four months after the August 9, 2006, date on which the subject final rule was published or promulgated in the Federal Register. The Act provides, with respect to the 30–day limitation period, as follows:

(1) Regulations promulgated by the Secretary under this chapter and actions described in paragraph (2) shall be subject to judicial review to the extent authorized by, and in accordance with, chapter 7 of Title 5, if a petition for such review is filed within 30 days after the date on which the regulations are promulgated or the action is published in the Federal Register, as applicable ...
(2) The actions referred to in paragraph (1) are actions that are taken by the Secretary under regulations which implement a fishery management plan, including but not limited to actions that establish the date of closure of a fishery to commercial or recreational fishing.

16 U.S.C. § 1855(f). The Court agrees with Defendants that the specific terms of

the judicial review provision of the Act leave no doubt that they encompass claims brought under other statutes, and are not limited to allegations of violations of the Act. Subsection 1855(f)(1)(B) states that "the appropriate court shall only set aside any such regulation or action on a ground specified in section 706(2)(A),(B),(C), or (D) of [Title 5 of the APA]." The grounds specified in those subsections go well beyond inconsistency with the Act itself and, thus, the Act provides the exclusive means for obtaining judicial review in this case.

In light of the detailed arguments in Plaintiff's motion for summary judgment, it is clear that Plaintiff's four-count complaint in this action amounts to a challenge to the merits of the final rule itself that mandate the installation of a VMS device. Plaintiff wants the Court to declare that the VMS requirement of Amendment 18A is unlawful. Thus, Plaintiff was required to file this action within 30 days of the August 9, 2006, date on which the rule was initially promulgated or, in other words, no later than September 8, 2006. Because Plaintiff does not challenge any subsequent action by the Secretary that might have, theoretically, reopened the 30–day limitation period, the complaint is time-barred and the Court lacks jurisdiction to consider it.[1]

■■■■ Similarly, the Court is convinced that the 30–day period was not reopened due to the September 15, 2006, NMFS publication of a notice listing the VMS approved for use in the Gulf reef fishery, the October 31, 2006, NMFS publication of the availability of grant funds to reimburse owners and operators of vessels subject to the VMS requirements for the equivalent cost of purchasing the least expensive VMS approved by the NMFS for the Gulf reef fishery, or the December 6, 2006, NMFS publication of a delay in the effective date of the final rule until March 7, 2007. District Judge Robert L. Hinkle of the Northern District of Florida found, and this Court concurs, that:

plan amendments which are premised upon or retain the status quo do not equate to "promulgation" of a new status quo. Thus, even when a proposed amendment includes new limits which are contingent upon a previously-enacted status quo amount, only the new limits themselves, and not the status quo amount, are subject to timely challenge.

*See* Order of Dismissal at 9, *Texas Shrimp Ass'n v. Daley,* 4:00–cv–20–RH (N.D. Fla. April 12, 2000), *aff'd sub nom. Texas Shrimp Ass'n v. Evans,* 273 F.3d 397 (11th Cir. 2001). (Dkt. 12, Ex. 5, p. 9 & Ex. 6.) Judge Hinkle also properly found that an aggrieved party is not left entirely without recourse due to the 30–day review period because "under the structure set forth by Congress, the proper procedure for such a challenge is through a formal petition for rulemaking, not through [an] action brought pursuant to 16 U.S.C. § 1855(f)." *See id.* at 11. (*See* Dkt. 12, Ex. 4, p. 11.)

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED** as follows:

Defendants' motion for summary judgment (dkt.30) is granted. The clerk is directed to enter judgment in favor of Defendants and against Plaintiff, terminate any pending motions, and close this case.

---

1. Plaintiff relies heavily on *Oregon Trollers Ass'n v. Gutierrez,* 452 F.3d 1104 (9th Cir. 2006), in opposing Defendants' time bar arguments; however, *Gutierrez* is distinguishable inasmuch as the court in that case found that a rule was reviewable to the extent that some subsequent action was taken under the regulation. *Id.* at 1115. Furthermore, as a Ninth Circuit decision, *Gutierrez* is not binding authority in the instant case.